**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sheulo NELSON, Defendant–Appellant.**

**No. 11–10161**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 20, 2011.

Carol Herman, Jeanne M. Mullenhoff, Kathleen M. Salyer, Anne R. Schultz, John D. Couriel, Wifredo A. Ferrer, U.S. Attorney, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Margaret Y. Foldes, Federal Public Defender, Kathleen M. Williams, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Sheulo Nelson, through counsel, appeals the district court's order granting his 18 U.S.C. § 3582(c)(2) motion, and resentencing him to 120 months, the statutory mandatory minimum sentence. On appeal, Nelson argues he is eligible for a sentence below ten years based on the retroactive two-level crack reduction[1] and the Fair Sentencing Act of 2010's (FSA) reduction of the mandatory minimum to five years. Nelson concedes his arguments may be precluded by *United States v. Gomes,* 621 F.3d 1343, 1346 (11th Cir.2010). We agree, and affirm.[2]

The district court correctly determined it was only authorized to grant Nelson a one-month reduction, from 121 months to 120 months. A statutory mandatory minimum precluded the court from sentencing Nelson to less than 120 months, and Nelson did not qualify for any statutory exception. *See Gomes,* 621 F.3d at 1346 (holding that, when the government does not file a substantial assistance motion under § 3553(e), and the defendant does not qualify for the safety-valve exception under § 3553(f), there is no relevant authority that permits a district court to impose a sentence below the statutory mandatory minimum). Moreover, because the FSA took effect in August 2010, after Nelson committed the offense and was sentenced, it is not applicable to the instant case. *See id.* Thus, the district court did not err in reducing Nelson's sentence by only one month, as that was the only relief to which he was entitled.

**AFFIRMED.**

---

1. Amendment 706, retroactive as of March 3, 2008, provides for a two-level reduction in the base offense level for certain crack cocaine offenses. Based on this reduction, Nelson contends he is eligible for a reduced guidelines range of 97 to 121 months.

2. We review a district court's decision whether to reduce a sentence pursuant § 3852(c)(2), based on a subsequent change in the Sentencing Guidelines, for an abuse of discretion. *United States v. Williams,* 549 F.3d 1337, 1338 (11th Cir.2008). "[W]here the issue presented involves a legal interpretation, our review is *de novo.*" *Id.* at 1338–39.